UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
GEORGE A. PALMER,                         :    CASE NO. 1:08-CV-965
                                          :
        Petitioner,              :
                                          :
vs.                                       :    OPINION & ORDER
                                          :    [Resolving Docs. No. 1, 10, 11.]
CARL ANDERSON,                            :
                                          :
        Respondent.              :
                                          :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 15, 2008, Petitioner George Palmer filed a petition for a writ of habeas corpus pursuant to U.S.C. § 2254. [Doc. 1.] With his petition, Palmer seeks relief from the judgment and sentence that an Ohio state court imposed following his conviction on one count of aggravated robbery and one count of assault on a peace officer. [*Id.*] Respondent Warden Carl Anderson opposes the petition. [Doc. 9.]

On September 17, 2008, Magistrate Judge David S. Perelman filed a Report and Recommendation that recommended the Court deny the Petitioner's writ because it was not timely filed. [Doc. 10.] The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 11.] For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Palmer's petition for a writ of habeas corpus.

**I. Background**

With his habeas petition, Petitioner George Palmer collaterally attacks his Ohio state court

Case No. 1:08-CV-965
Gwin, J.

conviction on one count of aggravated robbery and one count of assault on a peace officer. Specifically, the Petitioner argues that the State and the prosecutor committed a variety of errors during his trial that violated his right to a speedy and a fair trial.

The charges against Palmer arose as a result of his conduct on August 23, 2004. On this night, Palmer was driving on McCracken Road in Garfield Heights, Ohio when Officer Robert Petrick observed Palmer steer his vehicle left of center, make an abrupt left turn without using a signal, and make an abrupt right turn into a shopping plaza. [Doc. 9, Att. 1, Ex. 10 at 104.] Palmer then pulled into a parking space in front of the McCracken Food Mart, got out of his car, and began walking toward the store. [*Id.*] At this point, Petrick, who had parked his car next to Palmer's car, stopped Palmer to investigate his erratic driving and told him to sit back down in his vehicle. [*Id.* at 104-05.]

As he was speaking with Palmer, Petrick noticed that Palmer was slurring his words and that he appeared to be intoxicated. [*Id.* at 105.] Petrick obtained Palmer's driver's license, ran a check on it, and discovered that there was an outstanding order of protection against Palmer. [*Id.*] While Petrick was speaking with Palmer, he observed Palmer put some Atavan pills in his mouth and throw the bottle at the female passenger sitting next to him in the car. [*Id.*] Upon request, the passenger produced her identification and Petrick learned that she was Joei Andeits – the person who had requested the protection order against Palmer. [*Id.*] Petrick called for assistance and an additional officer, William Gall, arrived at the scene. [*Id.*] While Gall remained with Andeits, Petrick escorted Palmer out of the car and conducted field sobriety tests, which Palmer failed. [*Id.*]

After Palmer failed his field sobriety tests, Petrick escorted Palmer to his police cruiser with the intention of arresting Palmer for driving while intoxicated and for violating the protection order.

Case No. 1:08-CV-965
Gwin, J.

[*Id.*] When Petrick attempted to put Palmer in the back seat of the police car, however, Palmer refused to sit down and backed away from Petrick; after Palmer refused to comply with the officers' repeated orders, Petrick and Gall sprayed Palmer in the face with pepper spray. [*Id.* at 105-106.] After being sprayed, Palmer broke away from the officers and ran toward an individual named Darryl Kemp, who was walking in the parking lot with his eleven-year-old son. [*Id.* at 106.] Palmer then turned around, charged at Petrick, and tackled him to the ground. [*Id.*] While the two men struggled, Petrick felt Palmer reach for his gun and Kemp also observed Palmer reach for Petrick's gun and hit the holster holding the firearm. [*Id.*] Fearing for his and for his son's safety, Kemp jumped on Palmer and he, along with the officers, was able to subdue Palmer. [*Id.*] The officers then handcuffed Palmer and transported him to the station. [*Id.* at 106-107.]

On October 20, 2004, a Cuyahoga County Grand Jury issued an indictment charging Petitioner Palmer with one count of aggravated robbery with a one-year firearm specification and one count of assault on a peace officer. [Doc. 9, Att. 1, Ex. 1.] Palmer, through counsel, entered a plea of not guilty and the case went to trial. On March 1, 2005, a jury found Palmer guilty of one count of aggravated robbery and one count of assault on a peace officer and not guilty of the firearm specification. [Doc. 9, Att. 1, Ex. 2.] The trial court sentenced Palmer to nine years in prison for armed robbery and to seventeen months in prison for assaulting a peace officer; the terms were to be served concurrently. [*Id.*]

On August 11, 2005, the Petitioner filed a *pro se* "motion to modify sentence/civil violations" in the Cuyahoga County Common Pleas Court, asserting that his mental condition was overlooked during trial and requesting an independent psychological evaluation. [Doc. 9, Att. 1, Ex. 3.] On November 17, 2005, the trial court denied Palmer's motion and Palmer did not appeal. [Doc. 9, Att.

Case No. 1:08-CV-965
Gwin, J.

1, Ex. 4.]

On November 18, 2005, Petitioner Palmer, through new counsel, filed a notice of appeal and a motion for delayed appeal in the state appellate court.  [Doc. 9, Att. 1, Ex. 5-6.]  The court of appeals granted Palmer's motion for delayed appeal on December 12, 2005.  [Doc. 9, Att. 1, Ex. 7.] Palmer presented the following assignments of error:

> 1. The trial court erred in denying the Petitioner's motion for acquittal as to the charges when the state failed to present sufficient evidence against the Petitioner.
>
> 2. The Petitioner's conviction is against the manifest weight of the evidence.
>
> 3. The Petitioner was denied a fair trial due to prosecutorial misconduct during closing arguments in violation of his rights as guaranteed by Article I, Section 10 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution.

[Doc. 9, Att. 1, Ex. 8.]  On September 21, 2006, the state court of appeals affirmed the Petitioner's state trial court conviction and the decision was journalized on October 2, 2006.  [Doc. 9, Att. 1, Ex. 10.]

On January 25, 2007, Petitioner Palmer filed a *pro se* notice of appeal and a motion to file a delayed appeal in the Supreme Court of Ohio.  [Doc. 9, Att. 1, Ex. 11-12.]  On March 14, 2007, the Supreme Court of Ohio denied Palmer's motion.  [Doc. 9, Att. 1, Ex. 13.]

Petitioner Palmer filed a *pro se* petition for a writ of habeas corpus in this Court on April 15, 2008.  Palmer asserted the following grounds for relief:

> GROUND ONE: The state failed to present sufficient evidence against appellant.
>
> GROUND TWO: The Petitioner was denied a fair trial due to prosecutorial misconduct during closing arguments.
>
> GROUND THREE: The State violated the Petitioner's rights to a speedy trial.

Case No. 1:08-CV-965
Gwin, J.

>   GROUND FOUR: The trial court dismissed a perfectly good jury without a legitimate reason.
>
>   GROUND FIVE: The State's key witness committed perjury while testifying.
>
>   GROUND SIX: The prosecutor violated the Petitioner's rights by withholding exculpatory evidence.

After Respondent Carl Anderson filed a motion to dismiss Petitioner Palmer's habeas petition on August 25, 2008, [Doc. 9.], Magistrate Judge Perelman filed a Report and Recommendation that recommended the Court deny Palmer's petition. [Doc. 10.] The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 11.] The Court considers the Petitioner's objections below.

**II. Legal Standard**

*A. Federal Magistrates Act*

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. 28 U.S.C. § 2254(e)(1).

*B. The Antiterrorism and Effective Death Penalty Act*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs collateral attacks on state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an

-5-

Case No. 1:08-CV-965
Gwin, J.

unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see also Miller v. Francis,* 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor,* 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller,* 269 F.3d at 614 (quoting *Williams,* 529 U.S. at 412) (internal quotations omitted). A federal habeas court may grant the writ "under the 'unreasonable application' clause . . . if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413 (citations omitted). The Sixth Circuit holds that, even if a federal court determines that a state court incorrectly applied federal law, the federal court still cannot grant habeas relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones,* 238 F.3d 399, 405 (6th Cir. 2000).

C. *Timing of Habeas Corpus Petitions*

According to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one year time period is calculated from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"

Case No. 1:08-CV-965
Gwin, J.

or "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(A)-(B). The limitation period does not include the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In the Sixth Circuit, an application for state post-conviction review is "properly filed" pursuant to § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, . . . time limits upon its delivery." *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005) (citations omitted); *see also Lucas v. Carter*, 46 F. Supp.2d 709, 711 (N.D. Ohio 1999) (holding that a properly filed petition that serves to toll the AEDPA limitation period "is submitted according to the state's procedural requirements, such as notice to the respondent, correct place of filing, and timeliness of the petition."). Thus, "a petitioner cannot indefinitely delay the running of the statute of limitations in a federal habeas action by filing a delayed appeal in state court." *Searcy v. Carter*, 246 F.3d 515, 516 (6th Cir. 2001).

### III. Analysis

*A. Timeliness of the Petitioner's Habeas Petition*

Magistrate Judge Perelman recommends this Court find that Petitioner George Palmer's petition for a writ of habeas corpus is untimely. Because the Petitioner failed to file his habeas petition within the one year time period mandated by 28 U.S.C. § 2244, the Court agrees with the Magistrate Judge and denies Palmer's petition.

Petitioner Palmer was convicted and sentenced on March 11, 2005 and the sentence was

Case No. 1:08-CV-965
Gwin, J.

imposed on March 16, 2005. [Doc. 9, Att. 1, Ex. 2.] Palmer had thirty days to appeal his conviction to the state appellate court before it would become final. *See Opalach v. Hudson*, No. 1:0-CV-1893, 2008 WL 4404542, at * 3 (N.D. Ohio Sept. 24, 2008) ("Ohio App. R. 4(A) expressly states that a party must perfect an appeal as of right within thirty (30) days of the of the date judgment was entered against the appellant."). Instead of appealing his conviction, however, Palmer waited until August 9, 2005 to file a *pro se* "motion to modify sentence/civil violations" in the Cuyahoga County Common Pleas Court. [Doc. 9, Att. 1, Ex. 3.] As a result, the one year AEDPA statute of limitations began to run on April 16, 2005 – the date that Palmer's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A).

On August 11, 2005, 117 days into the limitation period, Palmer filed several motions, including a motion for delayed appeal with the state appellate court that that tolled the running of the statute of limitations. [Doc. 9, Att. 1, Ex. 7.] After the decision of the state court of appeals was filed on October 2, 2006, the Petitioner had 45 days or until November 16, 2006 to file a timely appeal to the Supreme Court of Ohio. *See* Ohio Sup. Ct. R. II. § 2(A)(1)(a). Because Palmer did not file an appeal before this date, the statute of limitations resumed running, with 248 days remaining, on November 17, 2006.

The statute of limitations ran for 69 more days until the Petitioner filed a motion for delayed appeal in the Supreme Court of Ohio on January 25, 2007. [Doc. 9, Att. 1, Ex. 11-12.] At most, this action tolled the one-year AEDPA statute of limitations until March 14, 2007, when the Supreme Court of Ohio denied Palmer's motion for delayed appeal. *See Searcy*, 246 F.3d at 516. Because Palmer had 179 days remaining until the running of the statute of limitations after the Supreme Court

Case No. 1:08-CV-965
Gwin, J.

of Ohio denied his delayed appeal motion, Palmer's petition for a writ of habeas corpus could have been filed in this Court before September 10, 2007. Even if the AEDPA statute of limitations was not tolled in the 90 days following the decision of the Supreme Court of Ohio, Palmer still would have needed to file his habeas petition before December 10, 2007. *See Griffin v. Rogers*, 308 F.3d 647, 655-56 (6th Cir. 2002). As Petitioner Palmer did not file his federal habeas petition until April 15, 2008, his petition is untimely under 28 U.S.C. § 2244.

Furthermore, Palmer's petition is not eligible for equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently[;] and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit examines the following five factors in analyzing equitable-tolling claims: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988)). These factors "are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis." *Keenan*, 400 F.3d at 421 (citing *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004)).

In this case, the Petitioner argues that his habeas petition should be considered by the court because the correctional institution where he was detained did not immediately send out his appeal to the Supreme Court of Ohio due to the fact that the Petitioner had insufficient funds in his account. [Doc. 1 at 16.] Additionally, Palmer argues that rising mail costs prevented him from sending out

-9-

Case No. 1:08-CV-965
Gwin, J.

his federal habeas petition on time. [Doc. 1 at 16-17.] The Petitioner does not argue that he lacked either actual or constructive notice of the filing requirements for the Supreme Court of Ohio appeal and for the federal habeas action. Furthermore, the Petitioner waited until the time period for filing with respect to both the Supreme Court of Ohio appeal and the habeas action had nearly expired or had completely expired before attempting to file the relevant documents, demonstrating a lack of diligence on his part. Finally, even if Palmer's appeal to the Supreme Court of Ohio was timely, he admits that he was only planning to file his habeas petition in February 2008, at least two months after the AEDPA one-year statute of limitations on the filing of habeas claims had run. As a result, Petitioner Palmer's habeas petition is untimely and is not eligible for equitable tolling.

### IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Petitioner George Palmer's petition for a writ of habeas corpus. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: October 14, 2008   s/    *James S. Gwin*
　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE